IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 118,742

In the Matter of ZANE TODD, JR.,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed June 8, 2018. Remanded with directions.

*Kimberly L. Knoll*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with her on the formal complaint for the petitioner.

*Zane L. Todd, Jr.*, respondent, argued the cause pro se.

PER CURIAM:  This is an unusual uncontested original proceeding in discipline filed by the office of the Disciplinary Administrator against Respondent Zane Todd, Jr., of Olathe, an attorney admitted to the practice of law in Kansas in 1994.

This case arose out of Respondent's failure to act promptly on and communicate adequately about client A.B.'s request for a recalculation of jail time credit. Although it appears that Respondent and the prosecution ultimately agreed that no relief was due the client, Respondent entered into a July 22, 2014, diversion agreement with the office of the Disciplinary Administrator. Under the agreement, Respondent stipulated to his violations of Kansas Rules of Professional Conduct (KRPC) 1.3 (2018 Kan. S. Ct. R. 292) (diligence) and 1.4 (2018 Kan. S. Ct. R. 293) (communication) on A.B.'s case. The agreement provided that Respondent would avoid sanction for those violations if he met certain requirements, one of which was completion of 16 hours of continuing legal education, including 6 hours on ethics, within one year. Respondent completed only 15 hours, and the diversion agreement was terminated.

1

Once the diversion was terminated, on June 13, 2016, the office of the Disciplinary Administrator filed a formal complaint against Respondent. The original hearing date was set for September 20, 2016. The office of the Disciplinary Administrator filed an amended formal complaint on August 22, 2016. By this time, Respondent had learned he was suffering from what was believed to be a terminal illness. With survival as his priority, he did not file an answer to either complaint. At the September 20 hearing, on learning of Respondent's illness, the office of the Disciplinary Administrator requested a stay of the proceedings so that Respondent could communicate with the Kansas Lawyers Assistance Program (KALAP) and obtain an evaluation of whether placement back on diversion would be appropriate. The hearing panel filed an order granting the stay and directing the parties to provide a status report on or before January 1, 2017.

Neither party filed a status report by the deadline.

The office of the Disciplinary Administrator filed its status report on January 19, 2017, stating that KALAP could not confirm or deny whether Respondent had sought its assistance. With no word from Respondent, the office also filed an amended notice of hearing on March 27, 2017, which set a second hearing for May 8, 2017. Service of the notice on Respondent apparently failed.

On April 4, 2017, Anne McDonald of KALAP informed the office of the Disciplinary Administrator by letter that Respondent had been in contact with her office several times during the previous 17 months, that he appeared to be recovering physically, that he had received good support from family and friends, and that he had been able to return to law practice full-time. She concluded: "I have not at this time asked him to get an evaluation or to work with KALAP in a more formal setting. If the panel sees fit to re-instate his Diversion and wishes to include a formal contract with KALAP

2

as one of the conditions, I am certainly happy and willing to do that." Ms. McDonald also stated that she had written the letter at Respondent's request.

The office of the Disciplinary Administrator emailed a copy of Ms. McDonald's letter to Respondent and to members of the hearing panel. In the email, the Deputy Disciplinary Administrator stated: "I accept this as the answer to the Panel's request for a status report."

Having received no notice of the hearing setting, the Respondent did not appear on May 8. He moved to reopen the record; the office of the Disciplinary Administrator did not object; and the hearing panel granted the motion. A third hearing on the amended formal complaint was set for August 29, 2017.

At the August hearing, the panel reviewed the evidence, including live testimony from Respondent. It concluded that not only had he violated KRPC 1.3 and 1.4, as stipulated in the diversion agreement, but also that his conduct in failing to complete the diversion CLE requirement and the diversion's termination constituted a violation of KRPC 8.1(b) (2018 Kan. S. Ct. R. 379) (failure to respond to lawful demand for information from disciplinary authority) and that he violated Kansas Supreme Court Rule 211(b) (2018 Kan. S. Ct. R. 251) (failure to file answer in disciplinary proceeding). The panel determined that Respondent's violations were negligent and that his ill health "[c]learly" contributed to them. The panel cited two provisions of the American Bar Association Standards for Imposing Lawyer Sanctions:

"4.43         Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

"7.3         Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a

3

professional, and causes injury or potential injury to a client, the public, or the legal system."

Despite an earlier expressed willingness to place Respondent back on diversion, at the panel hearing the Deputy Disciplinary Administrator recommended a sanction of suspension. Respondent sought a less severe sanction. The panel ultimately issued the following recommendation:

"The respondent recently battled cancer. His medical issues significantly mitigate the misconduct in this case. Additionally, there was procedural confusion at a couple of different junctures in this disciplinary case. The procedural anomalies coupled with the significant mitigating facts warrant a less severe sanction in this case. Accordingly, based upon the findings of fact, conclusions of law, and the Standards listed above, the hearing panel unanimously recommends that the respondent be censured. The hearing panel further recommends that the censure be published in the Kansas Reports."

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2018 Kan. S. Ct. R. 251). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

Respondent has filed no exceptions to the panel's Final Hearing Report. He also stipulated to his violations of KRPC 1.3 and 1.4, and there can be no dispute that he did not file answers to the formal complaint and amended formal complaint. We therefore adopt the panel's findings of fact and its conclusions of law that Respondent violated

KRPC 1.3 and 1.4 and Kansas Supreme Court Rule 211(b). But we reject the panel's conclusion of law that Respondent violated KRPC 8.1(b) because of the "procedural confusion" it referenced. This confusion included at least the failed service of notice of the second disciplinary hearing and the Deputy Disciplinary Administrator's less-than-precise email language indicating that Respondent had fulfilled his duty to file a status report by requesting Ms. McDonald's letter. We also note that the office of the Disciplinary Administrator itself does not appear to have met the panel's filing deadline for its status report.

The only remaining issue before us is the appropriate discipline for Respondent's violations. We agree with the panel that the mitigation in this case is significant. Respondent missed successful completion of his diversion requirements by one 50-minute hour of CLE. It is understandable that such a deficit might arise during his treatment for what had been diagnosed as Stage 4 cancer. Rules are important, of course, and they must be enforced. But, occasionally, they must bend for truly exceptional circumstances. Indeed, at the point that Respondent appeared for his first hearing, the Deputy Disciplinary Administrator recognized this might be such a case. Had everything gone smoothly from that point on, she was prepared to recommend that Respondent be returned to diversion. Instead, after procedural and communication irregularities for which the office of Disciplinary Administrator must bear at least partial responsibility, she sought suspension at the time of the third panel hearing. She now joins in the panel's recommendation of the less severe published censure.

Given all of the circumstances before us, we regard even published censure as a disciplinary step beyond the one necessary. Rather than imposing any discipline as a court, we remand this case to the office of the Disciplinary Administrator for imposition of an informal admonition under Kansas Supreme Court Rule 203(a)(4) (2018 Kan. S. Ct. R. 234). In addition, the costs of this proceeding will be borne by that office.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that this case is remanded to the office of the Disciplinary Administrator for further proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the costs of these proceedings be borne by the office of the Disciplinary Administrator.